Michael A. D'Aquanni, Esq. (005372001)
**LAW OFFICE OF MICHAEL A. D'AQUANNI, LLC**
1481 Oak Tree Road
Iselin, New Jersey 08830
(973) 983-5779
Attorneys for Plaintiff Toni Ann Palmisano

| | |
|---|---|
| TONI ANN PALMISANO,<br><br>                Plaintiff,<br>v.<br><br>SECAUCUS BOARD OF EDUCATION; JENNIFER MONTESANO, Superintendent of Schools; JOHN AND JANE DOES 1-10; ABC Corporations 1-10.<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>Docket No.:<br><br>*Civil Action*<br><br>**COMPLAINT** |

Plaintiff Toni Ann Palmisano, by way of Complaint against Defendants, says:

## THE PARTIES

1. Plaintiff, Toni Ann Palmisano is at all relevant times herein, a resident of the State of New Jersey and an employee of the Secaucus Board of Education ("SBOE").

2. Defendant SBOE is at all relevant times herein, a public school district with headquarters located at 685 5th St, Secaucus, NJ 07094.

3. Defendant Jennifer Montesano is at all relevant times herein, an employee of SBOE, serving as Superintendent of Schools and was Plaintiff Palmisano's supervisor, acting under the color and capacity of her position with Defendant SBOE and/or ABC Corporations 1-10.

4. Defendants John and Jane Does 1-10 are presently unidentified individuals that had ownership interest and/or control and/or management interest and/or otherwise were involved in the employment and/or retaliatory conduct at all times relevant in this

1

Complaint.

5. Defendants ABC Corporations 1-10 are presently unidentified business entities that were employers of Plaintiff Palmisano and/or had ownership interest and/or control and/or management interest and/or otherwise were involved in the employment and/or retaliatory conduct at all times relevant in this Complaint.

## FACTUAL ALLEGATIONS

6. Plaintiff has worked as a Teacher for SBOE since 2009.

7. Plaintiff is a mathematics teacher at the Secaucus Middle School.

8. Plaintiff's performance record is exemplary.

9. On January 7, 2021, Plaintiff notified the SBOE through a medical note that Plaintiff had to be excused from work for 6 weeks, with an anticipated return date of February 22, 2021.

10. On January 8, 2021, at Superintendent Jennifer Montesano's request, a meeting was held between Superintendent Montesano, Plaintiff and her union representatives to discuss Plaintiff's request to take a leave.

11. During this meeting, Superintendent Montesano repeatedly requested that Plaintiff allow her doctor to release medical information directly to her.

12. Superintendent Montesano discouraged Plaintiff from taking FMLA leave, warning Plaintiff that if she took FMLA, she would be putting money out of her own pocket for insurance and that, "Your job is secure, don't worry about that issue."

13. Pursuant to the note submitted by Plaintiff on January 7, 2021, her leave began on January 8, 2021 and was set to end on February 22, 2021. At no time was Plaintiff advised that she was required to be evaluated by a Board doctor prior to her return.

14. Plaintiff never received FMLA paperwork from the Board to fill out despite multiple requests.

15. On February 10, 2021, Plaintiff submitted a Medical Clearance Certification and request for FMLA Intermittent Leave to the Board's Human Resources Department.

16. On February 11, 2021, Superintendent Montesano emailed Plaintiff's Union Representative, advising her that Plaintiff "never released us to speak with her doctor's office. Either she needs to do this immediately or she will have to be evaluated by *our* doctor to return to work." Plaintiff received no response from the Board as to her FMLA leave request.

17. Instead, on February 16, 2021, Superintendent Montesano emailed Plaintiff stating that "until we have that permission and speak with your doctor or you are evaluated by a doctor of our choice, I can not grant you a return to work."

18. On February 18, 2021, Superintendent Montesano responded to Plaintiff that the Board has the authority to have Ms. Palmisano evaluated by the Board's psychologist as "this is necessary for us to decide if we will grant the intermittent leave, as you are requesting."

19. Superintendent Montesano demanded that Plaintiff either agree to do so by 3 p.m. that day or the evaluation was going to be ordered by the Board. Superintendent Montesano further advised Ms. Palmisano that she "will not be permitted to return to work until this evaluation is completed."

20. On March 10, 2021, Plaintiff submitted an updated FMLA submission and certification from her doctor. Plaintiff received no response from the SBOE as to her second FMLA request.

21. On March 22, 2021, Plaintiff received a letter from Superintendent Montesano, demanding that Plaintiff undergo a psychiatric evaluation. It was explained that "this action is being

3

<u>taken as a result of the medical information that you provided with your return to work correspondence</u> from your treating psychiatrist…"

22. On April 7, 2021, the SBOE continued to demand that Plaintiff undergo a psychiatric evaluation by a SBOE doctor and advised that if she refused, she was going to be ordered to do so. The SBOE advised that "objective medical information provided by Ms. Palmisano's treatment providers led to the Superintendent's request…If Ms. Palmisano is not willing to undergo the evaluation voluntarily, the Superintendent will recommend to the Board that they order the evaluation at the next regularly scheduled meeting."

23. On April 19, 2021, in an effort to return to work, Plaintiff advised the SBOE that the SBOE's appropriate representative (i.e. not her Direct Supervisor or Superintendent) could contact Plaintiff's health provider to clarify the meaning of her provider's response in her FMLA request or if the Board had a reason to doubt that the FMLA certification was valid, the SBOE could require Ms. Palmisano to obtain a second medical certification from a health care provider who the Board did not employ on a regular or routine basis. The Board requested that their medical director speak to Ms. Palmisano's provider.

24. On April 20, 2021, Plaintiff signed a release authorizing the SBOE to contact her health care provider who provided information in her FMLA submission "for purposes of clarification and authentication of the medical certification" only.

25. Despite receiving the release the day after the SBOE's request, the SBOE failed to contact Plaintiff provider for over a month, delaying Ms. Palmisano's return and approval of her FMLA leave. Only after multiple inquiries by Plaintiff as to the status, was Plaintiff's health care provider finally contacted by the SBOE physician.

26. The SBOE finally approved Plaintiff's leave and allowed her to return to work on May 24, 2021, over three (3) months after submitting the FMLA paperwork to the SBOE.

27. Despite holding the position for over four (4) years, the SBOE did not reappoint Plaintiff as the "MS Building Mentoring Coordinator" Position for the 2021-2022 school year.

28. During the remainder of the 2020-2021, Plaintiff continued to be harassed and retaliated against by SBOE employees.

29. During the 2021-2022, Plaintiff continued to be harassed and retaliated against by SBOE employees.

30. In May 2022, as class advisor for the Junior Class, it was Plaintiff's responsibility to run the Junior Prom. Plaintiff requested coverage for a few of her periods to set up for the prom, as is standard for any teacher who runs the prom. Plaintiff's request was ignored.

31. Plaintiff requested to be released from classes to clean up after the prom as is standard for the teacher running the program. Plaintiff's request was denied without any explanation.

32. In on or around May 1, 2022, Plaintiff requested a transfer from the Secaucus Middle School to the Secaucus High school.

33. On or around May 27, 2022, the SBOE denied Plaintiff's request to be transferred to the high school and assigned her to the middle school.

## FIRST COUNT

34. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if same were set forth at length herein.

35. At all times relevant herein, Defendants is an "employer" within the meaning of the NJLAD.

36. Plaintiff is a member of a protected class under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et. seq.

37. Defendants' actions created a hostile work environment and were clearly violative of the NJLAD.

38. Defendants failed to investigate Plaintiff's claims of discrimination.

39. As a direct and proximate result of Defendants' aforesaid acts, Plaintiff has suffered financial loss, damage to her career, severe emotional distress, embarrassment, and other damages.

40. For the reasons set forth above, the Defendant is liable to Plaintiff for disability discrimination in violation of the NJLAD.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## SECOND COUNT

41. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if same were set forth at length herein.

42. At all times relevant herein, Defendants is an "employer" within the meaning of the NJLAD.

43. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

44. For the reasons set forth above, the Defendant is liable to Plaintiff for retaliating against Plaintiff for requesting a disability accommodation in violation of the LAD.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

### THIRD COUNT

45. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if same were set forth at length herein.

46. Defendant Montesano knowingly and substantially assisted in the discrimination and retaliation in violation of the NJAD perpetrated against the Plaintiff.

47. Defendant Montesano was aware of the discrimination and retaliation perpetrated against the Plaintiff and acted deliberately indifferent toward it.

48. Defendants John and Jane Does knowingly and substantially assisted in the discrimination and retaliation perpetrated against the Plaintiff.

49. Defendant John and Jane Does was aware of the discrimination and retaliation perpetrated against the Plaintiff and acted deliberately indifferent toward it.

**WHEREFORE,** Plaintiff demands entry of judgment against Defendants in their individual capacity, jointly and severally, for damages, both compensatory and punitive, costs, reasonable attorneys' fees and such further relief as the Court deems just and appropriate.

## FOURTH COUNT

50. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if same were set forth at length herein.

51. At all times relevant herein, Defendants are an "employer" within the meaning of the Family and Medical Leave Act.

52. Plaintiff was entitled to leave under the Family and Medical Leave Act.

53. Defendants retaliated against Plaintiff for requesting protected leaver under FMLA.

54. For the reasons set forth above, the Defendant is liable to Plaintiff for interference in violation of the FMLA.

55. Defendants engaged in prohibited conduct under the FMLA by interfering with, restraining or denying Plaintiff's rights provided under the Act.

56. Defendants' action foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be free from threats and harassment for exercising her rights under the law.

57. Defendants' actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff

58. For the reasons set forth above, the Defendants are liable to Plaintiff for interference and retaliation under the FMLA.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury as to all issues.

                                                  **LAW OFFICE OF MICHAEL A. D'AQUANNI, LLC**

                                                  *s/Michael A. D'Aquanni, Esq.*
Michael A. D'Aquanni, Esq.
Attorneys for Plaintiff Toni Ann Palmisano

DATED: May 27, 2022

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Michael A. D'Aquanni is designated as trial counsel.

                                                  **LAW OFFICE OF MICHAEL A. D'AQUANNI, LLC**

                                                  *s/Michael A. D'Aquanni, Esq.*
Michael A. D'Aquanni, Esq.
Attorneys for Plaintiff Toni Ann Palmisano

DATED: May 27, 2022

## DEMAND FOR INSURANCE INFORMATION PURSUANT TO RULE 4:10-2(B)

Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that Defendants disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the

9

judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## **CERTIFICATION PURSUANT TO R. 4:5-1**

I hereby certify that the matter in controversy in the within action is not the subject of any other action pending in any other Court or of a pending arbitration proceeding, nor is any Court action or arbitration proceeding presently contemplated. I hereby further certify that no other person should be joined in this action at this time.

*s/Michael A. D'Aquanni, Esq.*
Michael A. D'Aquanni, Esq.
Attorneys for Plaintiff Toni Ann Palmisano

DATED: May 27, 2022